3:22cv-269 TSL-RPM

## MEMORANDUM OF LAW IN SUPPORT OF GRANTING PETITIONERS 2241 WRIT OF HABEAS CORPUS PETITION

### GROUND ONE:

Petitioner Brown, argues firmly that he stands "actually-innocent" of his conviction and sentence as to Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in the wake of the U.S. Supreme Court's Ruling in Mathis v. United States, 136 S. Ct. 2243 (2016), thus, his conviction and sentence as to Count Two, Section 924 (c) (1) (A) (ii) must be **VACATED** in the matter herein.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 2 3 2022
ARTHUR JOHNSTON
BY_____ DEPUTY

### Jurisdiction

Petitioner Brown, asserts that pursuant to 28 U.S.C. Section 2241 and Fifth Circuit and U.S Supreme Court precedents, thus, his claim that his 60-month Federal sentence as to Count Two is a nonexistent, offense in which maybe properly of Habeas Corpus Petition in the case at bar. See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (The burden falls on the petitioner to demonstrate that the Section 2255 remedy is inadequate or ineffective.); and Boumediene v. Bush, 553 U.S. 723 (2008) (The privilege of habeas corpus entitles the prisoner toa meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law. And the habeas court must have the power to order the conditional release of an individual unlawfully detained, though release

need not be the exclusive remedy and is not the appropriate one in every case in which the Writ is granted). Mr. Brown argues firmly Ground One is meritorious and he is entitled to a Merits Ruling as to Ground One in the case herein. See Santillana v. Upton, 846 F.3d 779, 781 & f.n. 2 (5th Cir., Jan. 16, 2017) (The Fifth Circuit held that: "Although we have not yet considered whether **Burrage** is applicable retroactively, our caselaw "establishes that new [Supreme Court] decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively."), and Garland v. Roy, 615 F.3d 391, 396 (5th Cir. 2010) (same) (emphasis added).

Petitioner Brown, states that his 2255 remedy is "inadequate or ineffective" to test the legality of his detention as the result of more than one-year has elapsed since he was sentenced in June of 2014, due to the structural problem in which is caused by the ADEPA, thus, Christopher Brown may proceed via the savings clause of Section 2255 (e), in the matter herein. See Poe v. LaRiva, 834 F.3d 772 (7th Cir. 2016) (emphasis added).

   Thus, Petitioner Brown, contends that this Honorable Court should issue a **prompt** show Cause Order and consistent with 28 U.S.C. Section 2243 Para. # 2, within **three to twenty days** this Court should order the Government to show cause as to why the writ should not issue in the matter herein.

## Statement of Facts

Petitioner Brown, states that the Grand Jury handed down an Indictment against him on October 31, 2013, see Doc. # 14. On December 24, 2013, Petitioner Brown plead guilty as to Counts, 1-3, see Doc. # 28 and 29. On June 4, 2014, Mr. Brown was sentenced to 270 months of imprisonment and five years of Supervised Release, see Doc. # 72.

## Discussion

The Fifth Circuit has held that: "The burden falls on the Petitioner to demonstrate that the Section 2255 remedy is inadequate or ineffective [to test the legality of detention]". See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001), and Boumediene v. Bush, 553 U.S. 723, 779-780 (2008) (The privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law. And the habeas court must have the proper to order the conditional release of an individual unlawfully detained, though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.) (emphasis added).

In the instant case, Petitioner Brown, asserts that regarding Count One, Conspiracy to Possess with Intent Distribute Five Kilograms of Cocaine, see Exhibit A (A copy of Judgment in a Criminal case at page 5

1-2, dated June 12, 2014), thus, he was sentenced to 210 months of imprisonment as to Count One, Conspiracy a violation of 21 U.S.C. 846, see Exhibit B (A copy of Indictment of Christopher L. Brown as to Count One, Conspiracy and Count Two, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, see Doc. # 14, pages 1-2, Filed 10/31/13). Thus, Petitioner Brown, states that Count Two, Section 924 (c) (1) conviction and sentence he stands "actually-Innocent" in the wake of the U.S. Supreme Court's Ruling in Mathis v. United States, 136 S. Ct. 2243 (2016) (emphasis added).

The Sixth and Seventh Circuit Court of Appeals has held that Mathias v. United States, 136 S. ct. 2243, 195 L. Ed. 2d 604 (2016), is a case of statutory interpretation and applies retroactively under the savings clause of Section 2255 (e). See Sutton v. Quintana, No. 16-6534, 2017 U.S. App. Lexis 20778, 2017 WL 4677548, at * 2 (6th Cir. July 12, 2017); and Chazen v. Marske, 938 F. 3d 851, 856-57 (7th Cir. 2019). Thus, Petitioner Brown, asserts that consistent with Fifth Circuit precedents In **Mathis,** 136 S. Ct. 2243 (2016), it automatically applies retroactively on collateral attack via the savings clause of Section 2255 (e), see Santillana v. Upton, 846 F. 3d 779 (5th Cir. 2017); and **Garland,** 615 F.3d at 396 (5th Cir. 2010) (emphasis added).

Petitioner Brown, contends that consistent with the U.S. Supreme Court's Ruling in Mathis v. United States, 136 S. Ct. 2243 (2016), the

Fourth and Tenth Circuit's Ruling in United States v. Norman, 935 F. 3d 232 (4th Cir. 2019); and United States v. Martinez-Cruz, 836 F. 3d 1305, 1308-1314 (10th Cir. 2016), his conviction and sentence as to Count Two, Section 924 (c) (1), is **"illegal"** and must be **VACATED** in the case at bar.

The Fourth Circuit Court of Appeals held that: "The district court erred in enhancing defendant's sentence under U.S. Sentencing Guidelines Manual Section 2K2.1 (a) (4) (A) because **21 U.S.C. Section 846 criminalized a broader range of conduct than that covered by generic conspiracy, so defendant's prior conviction for conspiracy to possess cocaine and cocaine base with intent to distribute under Section 846 could not support six-level enhancement as a federal controlled substance offense,"** see United States v. Norman, 935 F. 3d 232 (4th Cir. 2019). The Tenth Circuit Court of Appeals held that: "Conspiracy to possess a Controlled Substance with intent to Distribute in violation of 21 U.S.C. 846, does not qualify as a federal Drug Trafficking Crime, thus, his Guideline enhancement pursuant to U.S.S.G. Section 2L1.2 does not apply, and the Tenth Circuit **VACATED** and **REMANDED** for resentencing," see United States v. Martinez-Cruz, 836 F. 3d 1305, 1308-1314 (10th Cir. 2016) (emphasis added).

Both the Fourth and Tenth Circuit Court of Appeal relied upon the U.S. Supreme Court's Ruling in Mathis v. United States, 136 S. Ct. 2243

(2016), to hold that 21 U.S.C. Section 846, does not qualify as a generic conspiracy, thus, relevant to the case herein Christopher L. Brown's conviction as to Count Two, Section 924 (c) (1) (A) (ii), is a **NONEXISTANT OFFENSE AS 18 U.S.C. SECTION 924 (c) (2), REQUIRES THE UNDERLYING OFFENSE TO BE AN "DRUG TRAFFICKING CRIME."** See Fifth Circuit Model Jury Instructions, Exhibit C (A copy of Fifth Circuit Model Jury Instructions for Section 924 (c) (1) (A) (ii), he must have committed an underlying "drug trafficking crime" as defined by 18 U.S.C. 924 (c) (2), and because 21 U.S.C. 846 Conspiracy does not qualify as a federal drug trafficking crime Mr. Brown was actually convicted of a **NONEXISTANT OFFENSE AND IS ENTITLED TO PROCEED UNDER THE SAVINGS CLAUSE OF 28 U.S.C. 2255 (e), TO OBTAIN RELIEF FROM A FUNDAMENTAL DEFECT** in the case herein. See Kinder v. Purdy, 222 F. 3d 209, 213-14 (5th Cir. 2000); and in re Davenport, 147 F. 3d 605, 609 (7th Cir. 1998) (emphasis added).

Moreover, the Fourth Circuit found that the U.S. Supreme Court's Ruling in **Descamps v. United States, 133 S. Ct. 2276 (2013) require the Appellate Court to VACATE his Section 924 (c) (1), conviction,** see United States v. Naughton, 621 Fed. Appx. 170, 178 (4th Cir. 2015) (The Fourth Circuit held that: "In light of the U.S. Supreme Court's Ruling in **Descamps v. United States,** 133 S. Ct. 2276 (2013), the Fourth Circuit held that Conspiracy to Commit Sex Trafficking does not categorically

qualify as a crime of violence, we vacate Naughton's conviction under Section 924 (c) and remand the remaining convictions to the district court of resentencing. We **VACATE** Naughton's conviction on count 2, for brandishing a firearm during a crime of violence of 18 U.S.C. 924 (c). Accordingly, we remand the remaining convictions to the district court for resentencing.). It follows that the same analogy applies in the instant case herein that in wake of the U.S. Supreme Court's Ruling in **Mathis v. United States,** 136 S. Ct. 2243 (2016), his Count Two, conviction and sentence must be VACATED in the matter herein.

Petitioner Brown asserts that Count Two, Possession of a Firearm in Furtherance of Drug Trafficking Crime requires as a **NEXUS THAT THE UNDERLYING OFFENSE TO BE A "DRUG TRAFFICKING CRIME", see 18 U.S.C. 924 (c) (2), however, 18 U.S.C. 801 et seq., prohibits the manufacture and distribution of various drugs, including marijuana. The Controlled Substance Act prohibits a violation of 21 U.S.C. 841 (a) (1),** see United States v. Oakland Cannabis Buyer's Coop., 532 U.S. 483, 490 (2001). Because Count Two, Section 924 (c), lists the underlying predicate offense in which the Grand Jury found probable cause to hand down Indictment against him was Count One, Conspiracy in violation of 21 U.S.C. 846, in which is not "drug trafficking crime" as defined by 18 U.S.C. 924 (c) (2). See Moncrieffe v. Holder, 569 U.S. 184, 206-07 (2013) (The U.S. Supreme Court has defined "trafficking," which

"ordinarily ... **means some sort of commercial dealing.'"). **The Tenth Circuit Court of Appeals has held that conspiracy to possess a Controlled Substance with intent to Distribute in violation of 21 U.S.C. 846, does not qualify as a federal Drug Trafficking Crime, thus, his Guideline enhancement pursuant to U.S.S.G. 2L1.2 does not apply, and the Tenth Circuit VACATED and REMANDED for resentencing, see United States v. Martinez-Cruz, 836 F. 3d 1305, 1308-1314 (10th Cir. 2016) emphasis added).

Therefore, Petitioner Brown, argues that Count One, Conspiracy in violation of 21 U.S.C. 924 (c) (2), thus, he stands "actually innocent" of his Count Two, Section 924 (c) conviction and sentence, and consistent with the U.S. Supreme Court's Ruling in Dretke v. Haley, 541 U.S. 386, 388 (2004), this Honorable Court should address such claims on the merits thereto as he is entitled to relief as to Ground One, in the situation herein.

Petitioner Brown, respectfully request that Count Two, Section 924 (c) (1) conviction and sentence are VACATED, and 60-month federal sentence REDUCED in the situation herein.

A prompt Evidentiary Hearing is required consistent with 28 U.S.C. 2255 (b) and U.S. Supreme Court precedent's, see Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could

enable an applicant to prove the petition's federal allegations, which, if true, would entitle the applicant to federal habeas relief.").

## GROUND TWO:

Petitioner Brown, argues firmly, that Count Two, is fatally defective as it charges a nonexistent offense in violation of his Fifth and Sixth Amendment Rights of the U.S. Constitution in which merits VACATING his conviction and sentence in the case at bar.

## Statement of Facts

Petitioner Brown, states that the Grand Jury handed down an Indictment against him on October 31, 2013, see Doc. # 14. On December 24, 2013, Petitioner Brown plead guilty as to Counts 1-3, see Doc. # 28 and 29. On June 4, 2014, Mr. Brown was sentenced to 270 months of imprisonment and five years of Supervised Release, see, Doc, # 72.

## Discussion

The Fifth Circuit has held that: "The burden falls on the Petition to demonstrate that the Section 2255 remedy is inadequate or ineffective [to test the legality of detention]". See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); and Boumediene v. Bush, 553 U.S. 723, 779-780 (2008) (The privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant

law. And that habeas court must have that proper to order the conditional release of an individual unlawfully detained, though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.) (emphasis added).

The sister Circuit Court of Appeals the Sixth Circuit held in Hill v. Master, "We also agree with the Government's position that a habeas petition may be brought pursuant to Section 2241 when a sentence exceeds that maximum prescribed by statute. To deny relief where a sentence enhancement exceeds the statutory range set by congress would present separation-of-powers concerns." See Hill v. Masters, 836 F .3d at 597 (6th Cir. 2016).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plan, concise, and definite written statement of the essential facts constituting the offense charged ..." Fed. R. Crim. P. 7(c)(1); see United States v. Blandford, 33 F. 3d 685. 704 (6th Cir. 1994) (The Sixth Amendment requires an indictment to "inform the defendant of 'the nature and cause of the (accusation."') (quoting United States v. Piccolo, 723 F .2d 1234, 1238 (6th Cir. 1983) (en banc)). It need only contain those facts and elements necessary to inform the accused of the charges so that he may prepare a defense, see Williams v. Haviland, 467 F.3d 527, 535 (6th Cir. 2006), and protect against double jeopardy. See United States v. Douglas, 398 F.3d 407, 413 (6th

Cir. 2005). "An indictment is generally sufficient if it 'fully, directing, and expressly… set[s] forth all the elements necessary to constitute the offense intended to be punished.'" United States v. Kuehne, 547 F.3d 667, 696 (6th Cir. 2008) (quoting Douglas, 398 F.3d at 411).

The Supreme Court in Russell v. United States, 368 U.S. 749, 8 L. Ed. 2d 240, 82 S. Ct. 1038 (1962), held that an indictment is sufficient if it (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to meet, and (3) enables the accused to plead a judgement under the indictment as a bar to any subsequent prosecution for the same offense. **Russell**, 369 U.S. at 763. See also, United States v. Debrow, 346 U.S. 374, 376, 98 L. Ed. 92, 74, S. Ct. 113 (1953). "It is settled law that in order for an indictment to be valid it must allege all the elements which are necessary to constitute a violation of the statute." Davis v. United States, 253 F.2d 24, 25 (6th Cir. 1958); and United States v. Richman, 369 F.2d 465, 467 (7th Cir. 1966).

Petitioner Brown, contends that the indictment in the instant case is **fatally defective** as to Count Two, Possession of a Firearm in Furtherance of Drug Trafficking Crime as it is an nonexistent offense, thus, it violates Petitioner Brown's Fifth and Sixth Amendment Rights in the case herein.

## COUNT TWO

On or about October 22, 2013, in the Middle District of Louisiana, **CHRISTOPHER L. BROWN and CHRIS E. WILLIAMS, a/k/a SPANK,** defendant herein, knowingly possessed the following firearms:

    1)    a Sig Sauer, model P250c, 9mm pistol, bearing serial number EAU003321, and

    2)    a Taurus, model PT-24-7, 9mm pistol, bearing serial number TYK52216

In furtherance of and in relation to the drug trafficking crime described in Count One, and did aid and abet each other to do so.

The above is a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

In the instant case, Petitioner Brown asserts that Count Two, Section 924 (c) (1) charge of his Indictment is a nonexistent offense based upon the following:

(1) Omits the **required** statutory language in which is the 'jurisdictional element of the offense as follows: **for which the person may be prosecuted in a court of the United States, see 18 U.S.C. Section 924 (c) (1) (A)**

Petitioner Brown, states that consistent with U.S. Supreme Court precedents an Indictment is fatally defective if it fails track the statutory language of the offense, see **Hamling,** 418 U.S. at 117 (1974). In the instant case, Petitioner Brown, asserts that the Count Two, Section 924 (c) charge omits the federal 'jurisdictional element' of the federal offense, see **Maye,** 582 F .3d 622, 635-36 & F.N.-1 (6th Cir. 2009) (Dissent) (Section 924 (c) (1) (A), for which the person may be prosecuted in a court of the United States is in fact the jurisdiction [element of the offense]). See also, Hugi v. United States, 164 F. 3d 378, 381 97th Cir. 1999) ("The nexus with interstate commerce, which courts frequently call it the 'jurisdictional element' is simply one of the essential elements of the offense. Although courts frequently call it the 'jurisdictional element' of the statue, it is 'jurisdictional' only in the sense that without that nexus, there can be no federal crime....) (bold emphasis added).

The Fifth Circuit Court of Appeals provided the best understanding and an example of a defective indictment by holding: "Some indictments are defective because they charge no federal crime at all, such as the indictment that charged conspiracies "to attempt" to import and to possess marijuana with the intent to distribute the drug in United States v. Meacham, 626 F .2d 503, 507 (5th Cir. 1980), offenses not set forth in the United States Code."

Petitioner Brown, argues firmly that such defects within Count Two of his Indictment is fatal and is not harmless and entitles Christopher L. Brown to dismissal of Count Two, Section 924 (c) conviction and sentence with prejudice, see United States v. Du Bo, 186 F .3d 1177, 1179 (9th Cir. 1999) (emphasis added).

## CONCLUSION

In conclusion, Petitioner Brown, concludes that this Honorable Court should **GRANT** his 2241 Writ of Habeas Corpus Petition and **VACATE** Christopher L. Brown's conviction and sentence as to Count Two and REDUCE federal sentence by 60-months to avoid a clear miscarriage of **JUSTICE** in the interests of justice in the case at bar (emphasis added).

Respectfully Submitted,

Date: 05 / 20 / 22

x Christopher L. Brown

Mr. Christopher L. Brown
#04013-095
FCI-Yazoo City Medium
P.O. Box 5000
Yazoo City, MS. 39194

## Certificate of Service

I, Christopher L. Brown, certify that on ____May____, 30th, 2022,
I mailed by 2-Day Priority Mail Original and two copies of my Pro
Se 2241 Writ of Habeas Corpus Petition and Memorandum of Law in
Support Granting Petitioner's 2241 Writ of Habeas Corpus Petition in
which mailed to this Honorable Court at the said address listed below
herein:

Clerk of the Court
U.S. Courthouse
501 E. Court Street
Ste. 2.500
Jackson, MS. 39201

Date: 05 / 20 / 22                    /s/ Christopher L. Brown

                                      Mr. Christopher L. Brown
                                      Pro Se Petitioner