UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER L. BROWN                                                               PETITIONER

VERSUS                                                    CIVIL ACTION NO. 3:22-CV-269-TSL-RPM

FCI-YAZOO CITY MEDIUM
WARDEN                                                                                RESPONDENT

## REPORT AND RECOMMENDATION

Christopher L. Brown filed, on May 23, 2022, a 28 U.S.C. § 2241 petition for writ of habeas corpus. On June 4, 2004, Brown pleaded guilty in the U.S. District Court for the Middle District of Louisiana to conspiracy to possess with intent to distribute cocaine (count one), possession of firearms in furtherance of a drug trafficking crime (count two), and possession of a firearm by a convicted felon (count three). Doc. [2-1]. On June 4, 2004, the court sentenced Brown to a 270-month prison term. Doc. [2] at 3, 9. He is currently in the custody of the United States Bureau of Prisons at FCI-Yazoo City. Doc. [1] at 1.

In his petition, Brown cites to U.S. Supreme Court decisions *Mathis v. United States*, 579 U.S. 500 (2016) and *Descamps v. United States*, 570 U.S. 254 (2013), and argues he is actually innocent of the crime of possession of a firearm in furtherance of a drug trafficking crime (count two). Specifically, he asserts that a conspiracy in violation of 21 U.S.C. § 846 is not a "drug trafficking crime" as defined by 18 U.S.C. § 924(c)(2); therefore, he is innocent of possessing a firearm in furtherance of a drug trafficking crime. He also argues count two of his indictment is fatally defective because it does not track the language of the statute and, therefore, charges him with a non-existent offense. Brown invokes the savings clause of § 2255 to argue his petition should be granted by this Court. Respondent counters that the Supreme Court's holdings in

*Mathis* and *Descamps* do not trigger the savings clause of § 2255 because they do not establish a new rule of constitutional law made retroactively applicable to cases on collateral review. In the alternative, Respondent argues Brown's petition is time-barred.

## Law and Analysis

The proper vehicle for challenging a conviction or sentence generally is a motion under 28 U.S.C. § 2255, which must be filed in the sentencing court. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In this case, the sentencing court was the Middle District of Louisiana. Brown contends he may nevertheless proceed under § 2241 in this Court because his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Brown argues the savings clause applies because the rulings in *Mathis* and *Descamps* represent a new rule of constitutional law that is retroactively applicable to his 2004 conviction and sentence.

Contrary to Brown's contention, the Fifth Circuit has held that *Mathis* and *Descamps* do not establish a new rule of constitutional law made retroactively applicable to cases on collateral review. *See United States v. Morgan*, 845 F.3d 664, 666-67 (5th Cir. 2017); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *United States v. Samarripa*, 697 F.App'x 374, 375 (5th Cir. 2017). Moreover, *Mathis* and *Descamps* applied to sentence enhancements;[1] neither establishes that

---

[1] In *Mathis* and *Descamps*, the district courts imposed sentencing enhancements under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on defendants' prior convictions for violent felonies. On appeal, the

2

Brown was convicted of a non-existent offense. *See Hayes v. Willis*, 779 F.App'x 248 (5th Cir. 2019); *Sharbutt v. Vasquez*, 749 F.App'x 307, 308 (5th Cir. 2019); *Jenkins v. Harmon*, 736 F.App'x 73 (5th Cir. 2018); *Spotts v. Lara*, 728 F.App'x 409 (5th Cir. 2018); *Oxner v. Roy*, 616 F.App'x 190 (5th Cir. 2015); *Williams v. Warden USP Beaumont*, 609 F.App'x 269, 270 (5th Cir. 2015); *Vinson v. Maiorana*, 604 F.App'x 349 (5th Cir. 2015). Accordingly, Brown has failed to meet the savings clause requirements. To the extent Brown seeks relief for his claims under § 2255, he was convicted and sentenced in the Middle District of Louisiana; therefore, this Court lacks jurisdiction. *See Pack*, 218 F.3d at 251-54; *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987); *Carter v. Blackmon*, 732 F.App'x 268, 270 (5th Cir. 2018); *Joseph v. Shultz*, 2019 WL 1120022, at *1 (S.D.Miss. Feb. 20, 2019).

In a reply brief, Brown also requests that the Court hold any ruling on his petition in abeyance pending the U.S. Supreme Court's ruling in *Jones v. Hendrix*. Doc. [11]. Subsequently, on June 22, 2023, the Supreme Court issued a decision in that case. The Supreme Court held that the statutory restriction, preventing a second or successive § 2255 motions based solely on a more favorable interpretation of statutory law, does not make a § 2255 motion inadequate or ineffective; therefore, the prisoner may not proceed under the savings clause of § 2255. *Jones v. Hendrix*, 599 U.S. 465, 470-71 (2023). Nothing in the *Jones v. Hendrix* decision supports Brown's request to proceed under the savings clause. To the contrary, the Supreme Court held that the savings clause does not authorize an end-run around the restrictions on second or successive § 2255 motions for claims such as the one presented by Brown. *See id.* at 476-77.

---

Supreme Court examined whether certain predicate offenses constituted violent felonies within the meaning of ACCA.

3

In the alternative, Brown's petition should be denied as time barred. "[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). Under Section 2255(f)(1), Brown's one-year statute of limitations began to run when his judgment became final—June 18, 2004, the date on which his time to file a direct appeal expired. See FED.R.APP.P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). Section 2255(f)(3) provides that the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Brown did not file the instant habeas petition until May 22, 2022. The Supreme Court decisions in *Descamps* and *Mathis* were handed down in 2013 and 2016 respectively. In other words, Brown filed the instant petition more than five years after the *Mathis* decision, long after his one-year limitation period expired.[2] Accordingly, his petition is time barred.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Christopher L. Brown's 28 U.S.C. § 2241 petition be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

---

[2] Even if Brown had filed his petition sooner, he cannot rely on *Mathis* to trigger § 2255(f)(3) because *Mathis* did not announce a new rule of constitutional law. *See In re Lott*, 838 F.3d at 523.

4

the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 26th day of February 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE